IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

WILLIAM HENRY STARRETT, JR.,    §
                                §
            Plaintiff,          §
                                §
V.                              §                No. 3:19-cv-988-S-BN
                                §
DEPARTMENT OF DEFENSE, ET AL.,  §
                                §
            Defendants.         §

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Plaintiff William Henry Starrett, Jr. again brings a

> *pro se* lawsuit against multiple departments within the United States
> government and military, and several large corporations (collectively,
> Defendants) alleging multiple violations of the United States Constitution
> under 42 U.S.C. §§ 1983 and 1985, and 34 U.S.C. § 12601; numerous
> violations of federal civil and criminal laws; violations of the Texas
> Constitution, Texas Penal Code, and Texas Business and Commerce
> Code; as well as state law tort claims.

*Starrett v. U.S. Dep't of Defense*, No. 3:18-cv-2851-M-BH, 2018 WL 6069969, at *1 (N.D.

Tex. Oct. 30, 2018), *rec. accepted*, 2018 WL 6068991 (N.D. Tex. Nov. 20, 2018) ("*Starrett

II*"), *aff'd*, ___ F. App'x ____, No. 18-11628, 2019 WL 1502304 (5th Cir. Apr. 3, 2019)

(per curiam); *see* Dkt. No. 3; *compare* Dkt. No. 3, *with* No. 3:18-cv-2851 (N.D. Tex), Dkt.

No. 3; *see also Starrett II*, 2018 WL 6069969, at *1 ("Plaintiff previously filed suit

against Defendants based on identical allegations in *Starrett v. Lockheed Martin Corp.*,

No. 3:17-cv-988-D-BT, 2018 WL 1399177 (N.D. Tex. Mar. 9, 2018), *adopted by*, 2018

WL 1383398 (N.D. Tex. Mar. 19, 2018) ["*Starrett I*"]. In that case, the court found that

Plaintiff's claims were frivolous and 'clearly baseless because they [were] fanciful,

fantastic, or delusional.' Although the court found that dismissal for failure to state a claim upon which could be granted was appropriate, it ultimately recommended dismissal of Plaintiff's claims without prejudice based on a lack of subject-matter jurisdiction." (footnote and citations omitted)).

The Court has referred *Starrett III* to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference from United States District Judge Karen Gren Scholer.

## Legal Standards and Analysis

Here, although Starrett paid the statutory filing fee, "[i]t is well-established that a district court may dismiss a complaint on its own motion under [Federal Rule of Civil Procedure] 12(b)(6) for failure to state a claim upon which relief may granted." *Starrett II*, 2018 WL 6069969, at *2 (citing *Carroll v. Fort James Corp.*, 470 F.3d 1171 (5th Cir. 2006)).

A district court may exercise its "inherent authority ... to dismiss a complaint on its own motion ... 'as long as the procedure employed is fair.'" *Gaffney v. State Farm Fire & Cas. Co.*, 294 F. App'x 975, 977 (5th Cir. 2008) (per curiam) (quoting *Carroll*, 470 F.3d at 1177 (quoting, in turn, *Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998)); citation omitted). The United States Court of Appeals for the Fifth Circuit has "suggested that fairness in this context requires both notice of the court's intention to dismiss *sua sponte* and an opportunity to respond." *Id.* (quoting *Lozano v. Ocwen Fed. Bank, FSB*, 489 F.3d 636, 643 (5th Cir. 2007) (quoting, in turn, *Carroll*, 470 F.3d at 1177); internal quotation marks and brackets omitted). These findings, conclusions,

and recommendations afford Starrett notice, and the period for filing objections to them affords him an opportunity to respond. *See, e.g., Starrett II*, 2018 WL 6069969, at *2 (citations omitted)).

The United States Supreme Court "has made clear that a Rule 12(b)(6) motion turns on the sufficiency of the "*factual* allegations" in the complaint, *Smith v. Bank of Am., N.A.*, 615 F. App'x 830, 833 (5th Cir. 2015) (per curiam) (quoting *Johnson v. City of Shelby, Miss.*, 574 U.S. ____, 135 S. Ct. 346, 347 (2014) (per curiam); emphasis added by *Smith*), and the Federal Rules of Civil Procedure "do not countenance dismissal of a complaint for imperfect statement of the legal theory supporting the claim asserted," *Johnson*, 135 S. Ct. at 346.

Indeed, to survive dismissal for failure to state a claim upon which relief can be granted – under the established framework of *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) – a plaintiff need only "plead facts sufficient to show" that the claims asserted have "substantive plausibility" by stating "simply, concisely, and directly events" that she contends entitle her to relief. *Johnson*, 135 S. Ct. at 347 (citing FED. R. CIV. P. 8(a)(2)-(3), (d)(1), (e)); *see Harold H. Huggins Realty, Inc. v. FNC, Inc.*, 634 F.3d 787, 796 (5th Cir. 2011) ("A claim for relief is implausible on its face when 'the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct.'" (citation omitted)); *Gentilello v. Rege*, 627 F.3d 540, 544 (5th Cir. 2010) (a court need "not accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions" (citation omitted)).

This rationale has even more force here, as the Court "must construe the

-3-

pleadings of *pro se* litigants liberally," *Andrade v. Gonzales*, 459 F.3d 538, 543 (5th Cir. 2006), "to prevent the loss of rights due to inartful expression," *Marshall v. Eadison*, 704CV123HL, 2005 WL 3132352, at *2 (M.D. Ga. Nov. 22, 2005) (citing *Hughes v. Rowe*, 449 U.S. 5, 9 (1980)); *but see Smith v. CVS Caremark Corp.*, No. 3:12-cv-2465-B, 2013 WL 2291886, at *8 (N.D. Tex. May 23, 2013) ("[L]iberal construction does not require that the Court or a defendant create causes of action where there are none.").

Even affording Starrett's current complaint this liberal construction, the facts he provides do not support substantively plausible claims. This iteration of his claims should therefore be dismissed for the same reasons explained in *Starrett II* – "[a]s found in [*Starrett I*], Plaintiff's claims against Defendants based on an alleged conspiracy to target him for military exercises and to remotely control his brain and body functions are frivolous because they are 'fanciful, fantastic, or delusional.'" *Starrett II*, 2018 WL 6069969, at *3 (citing *Starrett I*, 2018 WL 1399177, at *3; citations omitted); *see also Starrett*, 2019 WL 1502304, at *1 ("Starrett asks us to overturn the district court's dismissal based on outlandish claims of near-constant surveillance, theft of intellectual property, and painful remote communication accomplished using nonexistent technology. These pleaded facts are facially implausible. Dismissal with prejudice was appropriate, the district court did not err.").

And leave to amend should be denied. *See Starrett II*, 2018 WL 6069969, at *3 ("In this case, Plaintiff alleges [now] for the [third] time a fantastic and delusional scenario that cannot be remedied by an opportunity to amend or further factual

development. An opportunity to amend is therefore unwarranted, and his complaint should be dismissed for failure to state a claim upon which relief may be granted.").

A separate reason further supports *sua sponte* dismissal of this action under Rule 12(b)(6) – res judicata.

"Generally, res judicata must be pled as an affirmative defense" under Federal Rule of Civil Procedure 8(c)(1), but the first of "two limited exceptions" to that rule applies here and "permits '[d]ismissal by the court sua sponte on res judicata grounds ... in the interest of judicial economy where both actions were brought before the same court.'" *McIntyre v. Ben E. Keith Co.*, 754 F. App'x 262, 264-65 (5th Cir. 2018) (per curiam) (quoting *Mowbray v. Cameron Cnty.*, 274 F.3d 269, 281 (5th Cir. 2001)).

"The preclusive effect of a prior federal court judgment is controlled by federal res judicata rules." *Ellis v. Amex Life Ins. Co.*, 211 F.3d 935, 937 (5th Cir. 2000) (citations omitted); *accord Meza v. Gen. Battery Corp.*, 908 F.2d 1262, 1265 (5th Cir. 1990). Those rules bar

> "the litigation of claims that either have been litigated or should have been raised in an earlier suit." *Test Masters Educ. Servs., Inc. v. Singh*, 428 F.3d 559, 571 (5th Cir. 2005). In the Fifth Circuit, res judicata is appropriate if four conditions are met: (1) the parties in the subsequent action are identical to, or in privity with, the parties in the prior action; (2) the judgment in the prior case was rendered by a court of competent jurisdiction; (3) there has been a final judgment on the merits; and (4) the same claim or cause of action is involved in both suits. *Id.*, *see also Ellis*, 211 F.3d at 937.

*Chalmers v. City of Dallas*, No. 3:14-cv-36-N, 2014 WL 7174289, at *6 (N.D. Tex. Dec. 16, 2014) (citation modified).

The first three conditions are easily met here – as between *Starrett II* and

*Starrett III*, the parties are identical, and this district court entered a final judgment dismissing the prior case with prejudice for failure to state a claim upon which relief may be granted.

Taking up the fourth condition, courts in this circuit use "a 'transactional test,'" under which "[t]he critical issue is whether the two suits are based on the 'same nucleus of operative facts.'" *Chalmers*, 2014 WL 7174289, at *6 (quoting *Test Masters*, 428 F.3d at 571); *see Test Masters*, 428 F.3d at 571 ("Under the transactional test, a prior judgment's preclusive effect extends to all rights of the plaintiff with respect to all or any part of the transaction, or series of connected transactions, out of which the original action arose." (citing *Petro-Hunt, L.L.C. v. United States*, 365 F.3d 385, 395-96 (5th Cir. 2004))); *see also Snow Ingredients, Inc. v. SnoWizard, Inc.*, 833 F.3d 512, 522 (5th Cir. 2016) ("True *res judicata* bars recovery when a party seeks to relitigate the same facts even when the party argues a novel legal theory." (citation omitted)).

The claims here emanate from the same nucleus of operative facts. And it does not matter that Starrett may add some factual allegations to this complaint that he may claim occurred after dismissal of *Starrett II*, as those facts are not consequential to the tenor of his allegations and do not materially affect the claims, which are substantially the same across both actions. Put another way, his claims – and how a court should address those claims – have not changed as between *Starrett II* and *Starrett III. See, e.g., Manicki v. Zeilmann*, 443 F.3d 922, 925 (7th Cir. 2006) (considering a similar transactional test and rejecting a plaintiff's argument against claim preclusion that turned on his contention that his suits presented "two separate

clusters of facts" where "the ultimate relief sought" was the same and "the facts bearing on the appropriateness of that remedy ... would be the same").

## Recommendation

The Court should dismiss this action *sua sponte* for failure to state a claim upon which relief may be granted and on res judicata grounds.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: May 3, 2019

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE